James **KATRADIS**, Plaintiff,

v.

**DAV–EL OF WASHINGTON, D.C.**, et al., Defendants.

Civ. A. No. 86–2519.

United States District Court, District of Columbia.

Jan. 13, 1987.

Peter S. Leyton, Grace P. Monaco, Rebecca L. Burke, Washington, D.C., for plaintiff.

Jeffrey L. Berger, Finley, Kumble, Wagner, Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

THOMAS F. HOGAN, District Judge.

Plaintiff James Katradis filed this suit alleging that defendants [1] had demoted him and discharged him based on his handicap, in violation of the D.C. Human Rights Act, D.C.Code § 1–2502, *et seq.* (Count I), and in breach of an implied employment contract (Count I), and in breach of an implied employment contract (Count III). Plaintiff also seeks recovery in tort for the alleged emotional distress he suffered from this conduct (Count V). In addition, plaintiff seeks to recover in contract and tort for defendants' alleged failure to timely provide the information plaintiff needed to convert his health insurance benefits [2] (Counts II, III, and IV). Defendant David Klein has moved to dismiss the complaint as to him, for want of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). All defendants have moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can

---

1. Defendants are Dav–El of Washington, D.C., Inc., a local corporation ("Dav–El D.C."); Dav–El Services, Inc. ("Dav–El"), a New Jersey corporation; and David Klein, the president of both corporations.

2. The parties have stipulated to the withdrawal of these latter claims, to the extent they are against Blue Cross. Plaintiff still seeks recovery cased on his major medical coverage under Connecticut General.

be granted. Upon consideration of the motions, oppositions, the reply, the supporting memoranda, and the record herein, the Court concludes that both motions should be denied in their entirety, at this time.[3]

## I. *Defendants' Motion to Dismiss Under Rule 12(b)(6)*

■ In reviewing a motion to dismiss, the Court must take the allegations of plaintiff's complaint as true, and must construe the complaint in the light most favorable to plaintiff. *E.g., Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The law in this Circuit adamantly upholds a plaintiff's right to present the factual basis of his claims to the Court, and eschews threshold dismissal of complaints. Defendants raise numerous grounds for dismissing each count of plaintiff's complaint. After careful review, the Court has determined that defendants' arguments turn on factual issues which cannot be resolved at this time. Plaintiff is entitled to an opportunity to muster the necessary factual evidence to support his claims, and it would be premature to dispose of his claims at the threshold of the case, with no evidence of record. The denial of defendants' motion shall be without prejudice to the renewal of any legitimate arguments, made upon a sufficient record.

## II. *Klein's Motion to Dismiss Under 12(b)(2)*

■ David Klein is the president of both defendant corporations, resides in New York, and works in the New York office of Dav–El Services. Dav–El D.C. is a wholly-owned subsidiary of Dav–El Services, and is managed on a daily basis by Jon Goldberg. According to the affidavit Klein filed in support of his motion to dismiss, he speaks with Goldberg approximately twice a month concerning Dav–El D.C., and visits the D.C. office twice a year. In addition, he apparently participated in the disputed employment decision concerning the plaintiff.

Klein contends that the contacts he has with the District of Columbia are insufficient under D.C.Code § 13–423 to permit this Court to exercise jurisdiction. Although the record on this issue is slim, the Court is constrained by the liberal reading of § 13–423 set forth in *Mouzavires v. Baxter,* 434 A.2d 988 (D.C.App.1981), to find that on the basis of the facts before it, exercise of jurisdiction would be appropriate under § 13–423(a)(1). From the record it appears that Klein's contacts with the District of Columbia evidence a "deliberate and voluntary association with the forum." *Mouzavires,* 434 A.2d at 995. Klein could reasonably anticipate being haled into court in the District of Columbia from his ownership and supervisory role in Dav–El D.C., making exercise of long-arm jurisdiction well within the bounds of due process and the D.C.Code. *See World–Wide Volkswagen v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980); *Mouzavires,* 434 A.2d at 994. *See also Chase v. Pan–Pacific Broadcasting, Inc.,* 617 F.Supp. 1414, 1422–23 (D.D.C.1985) (individual may be "transacting business" in the District of Columbia under D.C.Code § 13–423(a)(1) even if acting solely in a fiduciary capacity for a corporation). Thus, based on the present record, defendant Klein's motion to dismiss for lack of jurisdiction should be denied.

Accordingly, it is this 13th day of January, 1987,

ORDERED that

(1) defendants' motion to dismiss for failure to state a claim is denied, without prejudice; and

(2) defendant Klein's motion to dismiss for lack of personal jurisdiction is denied.

---

**3.** Defendants' motions were filed after an answer was received. Accordingly, they shall be treated as motions for judgment on the pleadings.